MOWERY v. SOUTHERN RAILWAY CO.

(Filed December 17, 1901.)

REMOVAL OF CAUSES—*Acts 1899, Ch. 62—Domestication—Foreign Corporations.*

Where an action for more than $2,000 is brought against a for-eign corporation for personal injuries received before it do-mesticated under Acts 1899, Ch. 62, a petition to remove to the federal courts was properly allowed.

ACTION by Roberta Mowery, administratrix, against the Southern Railway Company, heard by Judge *E. W. Timber-lake,* at February Term, 1901, of the Superior Court of ROWAN County. From an order allowing a removal of the action to the Federal Court, the plaintiff appealed.

*Overman & Gregory,* for the plaintiff.
*Chas. Price, F. H. Busbee,* and *A. B. Andrews, Jr.,* for the defendant.

DOUGLAS, J. This is an action for damages in the sum of $25,000, for the negligent killing of plaintiff's intestate. It is before us on a petition to remove into the Circuit Court of the United States, allowed by the Court below. The following allegations appear in the complaint:

"2. That the Southern Railway, the defendant herein, is a corporation created and organized originally under the laws of Virginia, and on the 12th day of August, 1898, was engaged in operating, as a common carrier of freight and passengers, a line of railway between the town of Salisbury and the town of Asheville, in the State of North Carolina.

"3. That prior to the 1st day of June, 1899, the defendant became a domestic corporation of the State of North Carolina by filing in the office of the Secretary of State a copy of its charter and by-laws, duly authenticated, and by performing all of the acts and duties required of it in order to domesticate itself agreeably to the requirements and provisions of an act of the General Assembly of the State of North Carolina, entitled 'An act to provide a manner in which foreign corporations may become domestic corporations,' as set forth in Acts .1899, Chap. 62, and this domestication of defendant company occurred prior to the institution of this action.

That on the said 12th day of August, 1898, plaintiff's intestate, W. A. Mowery, was acting in the capacity of a conduc-

tor on a freight train of defendant, being then and there an employee of defendant, and in such capacity as conductor was in charge of a train which was then being run westward over the said line of railway, and, the plaintiff is informed and believes, that while her intestate was so engaged in his duties that he was, by the negligence of defendant, killed whilst passing under a bridge across the track of defendant, which said bridge was allowed to remain and be in a condition unsafe for cars to pass under it at the time of the killing as aforesaid."

The Court below, considering the facts appearing on the face of the complaint and petition, properly recognized the order of removal of the Federal Court. It appears from the complaint itself that the injury occurred on the 12th day of August, 1898, while the Virginia corporation, known as the Southern Railway Company, was lawfully doing business in the State of North Carolina. This corporation was sued alone, and as the sum demanded exceeded two thousand dollars, it had a right to remove the action into the Circuit Court of the United States upon a proper application. The act revoking, as to certain classes of foreign corporations, the implied law of comity theretofore existing, did not become a law until the 10th day of February, 1899, the date of its ratification. The North Carolina corporation, known as the Southern Railway Company, the only corporation of that name now authorized to do business in this State, did not come into being until on or about the 1st day of June, 1899, after the occurrence of the injury. If the plaintiff has sued the Virginia corporation, then that corporation has a right to remove the action. If, on the contrary, she has sued the domestic corporation, then it has done nothing of which she can complain, as it can not be held responsible for an injury sustained before its birth, and occurring through the negligence of a foreign corporation with which it stands in no relation

23——129

of privity as far as the laws of this State are concerned. This point was not raised in the defendant's brief, which was simply an attack upon our decision in the Debnam case.

After mature consideration, and in the light of such additional authorities as we have been able to find, we deem it our duty to adheré to the decision of this Court in the cases of *James v. Railroad,* 121 N. C., 523, and *Debnam v. Tel. Co.,* 126 N. C., 831. We would have been more than pleased if the latter case had been carried up to the Supreme Court of the United States upon writ of error, so that it might be finally determined by a Court of competent jurisdiction and of last resort *upon the case as presented to us.* We have neither the inclination nor the motive to assume any powers not properly belonging to us; but, on the other hand, we have no right to abandon any part of our lawful jurisdiction when properly invoked, or to refuse to anyone the equal protection of the laws.

Affirmed.